UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

      Plaintiff,                        No. 19-12009

v.                                    District Judge Robert H. Cleland
                                          Magistrate Judge R. Steven Whalen

FRED J. SHELIDE, MARIE T. YADEN,
MACOMB OAKLAND GUARDIANSHIP,
INC, AS GUARDIAN FOR JOSEPH
SHELIDE, and RENEE BAILEY,

      Defendants.
_____/

# REPORT AND RECOMMENDATION[1]

On July 8, 2019, Plaintiff Metropolitan Life Insurance Company ("MetLife")filed a complaint in interpleader, based on conflicting claims for life insurance benefits payable under the FCA US LLC Group Life Insurance Plan, by reason of the death of Plan participant Fred G. Shelide. On or about December 13, 2019, MetLife deposited $12,736.09, representing the life insurance proceeds plus accrued interest, with the Registry of the Court. Upon deposit of the funds, MeLife was dismissed. *See Order*, ECF No. 27.

---

[1] This Report and Recommendation ("R&R") follows a negotiated settlement among parties who are not represented by counsel. In cases where the parties are represented, the attorneys generally draft releases and provide a stipulation and proposed order of dismissal to the District Judge, a procedure not possible in this case. Absent consent of the parties under 28 U.S.C. § 636(c), a Magistrate Judge may not enter an order of dismissal; therefore I will proceed by R&R under 28 U.S.C. § 636(b)(1)(B).

## I.  FACTS

All pretrial matters were referred to the undersigned Magistrate Judge, and on February 13, 2020, I held a settlement conference. Present were Fred J. Shelide, Marie T. Yaden, James W. Stark (on behalf of Macomb Oakland Guardianship, Inc., the guardian for Joseph F. Shelide), and Renee Bailey. None of these parties was represented by counsel. Nevertheless, after discussion and negotiation, they agreed on the following distribution of the funds held in the Court's Registry:

-Two-fifths of the funds, including any accrued interest, will be paid to Renee Bailey.

-One-fifth of the funds will be paid to Fred J. Shelide; one-fifth to the Macomb Oakland Guardianship, Inc, on behalf of and for the benefit of Joseph F. Shelide; and one-fifth to Marie T. Yaden.

The terms of the settlement were placed on the record on February 13, 2020. Each of the Defendants was advised of the right to have a trial in this case, and that each might obtain a greater or lesser recovery than provided for in the agreement, or might obtain no recovery at all.  After being placed under oath, each Defendant acknowledged an understanding of his or her rights, and that by settling, they were giving up the right to trial; stated that they accepted the terms of the settlement, and that the settlement was in full and complete satisfaction of their claims to the life insurance proceeds; and stated that their decision to settle was voluntary, and not the result of any threats, coercion, or promises other than contained in the agreement.

## II.  RECOMMENDATION

I therefore recommend as follows:

1. That the complaint be dismissed with prejudice.

2. That the Clerk of the Court be directed to disburse the funds in the Registry in accordance with the terms of the settlement, i.e. two-fifths to Renee Bailey and one-fifth to each of the other Defendants.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.

Not later than 14 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

s/ R. Steven Whalen<br>R. STEVEN WHALEN<br>UNITED STATES MAGISTRATE JUDGE

Dated: February 17, 2020

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 17, 2020, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen